MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

CYNTHIA M. FREY (CABN 150571)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7200
   FAX: (415) 436-7234
   cynthia.frey@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> MILTON KAULULAAU, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | No. CR 12-0675 WHA <br><br> **[PROPOSED] ORDER OF DETENTION OF DEFENDANT** |

The defendant, Milton Kaululaau, came before this Court on October 23, 2012, for a detention hearing. The defendant was present and represented by Jai Gohel, Esq. Assistant United States Attorney Cynthia M. Frey represented the United States of America.

The government requested detention, submitting that no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community.

Upon consideration of the court file and the party proffers as discussed below, the Court finds by clear and convincing evidence that no condition or combination of conditions will

reasonably assure the safety of any other person and the community.  The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted.  In coming to its decision, the Court has considered those factors, paraphrased below:

(1)  the nature and seriousness of the offense charged;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record concerning appearance at court appearances; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The defendant is charged with violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), distribution of and possession with intent to distribute 5 grams or more of methamphetamine, as well as violations of 18 U.S.C. § 922(g), felon in possession of a firearm, and 18 U.S.C. § 922(a)(1), unlawful trafficking of firearms.   Pursuant to 18 U.S.C. § 3142(e)(3), given the above charges, subject to rebuttal by the defendant, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.  The defendant has not rebutted that presumption.

1.	The offenses charged are serious in nature such that the defendant is charged with selling not only narcotics, but also firearms;

2.	The defendant has an extensive criminal history, to include a pending state case against him in which he has pleaded guilty to possession for sales of crack cocaine in violation of California Health and Safety Code § 11351.5.  This matter is set for sentencing on November 9, 2012.

3. The defendant was also on bail when he committed certain offenses charged in the instant Indictment. Specifically, on or about August 11, 2011, the defendant was arrested in relation to and pleaded guilty to the possession for sales of crack cocaine. The defendant was released on bail and, only a few weeks later, sold a firearm to an informant;

4. The defendant has at least two probation violations;

5. There is a lack of viable sureties.

These factors, among others adduced at the hearing, clearly and convincingly demonstrate that if released the defendant would be a danger to the community.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

2. The defendant be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: November 6, 2012



JOSEPH C. SPERO
United States Magistrate Judge

No. CR 12-0675 WHA
[Proposed] Detention Order